1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

JOSEPH L. MIZZONI,            )
                              )
       Plaintiff,             )   3:11-cv-00186-ECR-VPC
                              )
vs.                           )
                              )   **ORDER**
STATE OF NEVADA, *et al.*,    )
                              )
       Defendants.            )
                              /

17      On May 11, 2011, the court dismissed plaintiff's Fourteenth Amendment claims with
18 prejudice and granted him leave to file an amended civil rights complaint regarding his retaliation claim
19 (docket #10). Plaintiff filed a notice of appeal (docket #13), which was dismissed for lack of jurisdiction
20 (docket #16). Plaintiff has now filed a motion for district judge to reconsider screening order (docket
21 #19).
22      Where a ruling has resulted in final judgment or order, a motion for reconsideration may
23 be construed either as a motion to alter or amend judgment pursuant to Federal Rule of Civil Procedure
24 59(e), or as a motion for relief from judgment pursuant to Federal Rule 60(b). *School Dist. No. 1J*
25 *Multnomah County v. AC&S, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993), *cert. denied* 512 U.S. 1236 (1994).
26

Under Fed. R. Civ. P. 60(b) the court may relieve a party from a final judgment or order for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Motions to reconsider are generally left to the discretion of the trial court. *See Combs v. Nick Garin Trucking,* 825 F.2d 437, 441 (D.C. Cir. 1987). In order to succeed on a motion to reconsider, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. *See Kern-Tulare Water Dist. v. City of Bakersfield,* 634 F. Supp. 656, 665 (E.D. Cal. 1986), *aff'd in part and rev'd in part on other grounds* 828 F.2d 514 (9th Cir. 1987). Rule 59(e) of the Federal Rules of Civil Procedure provides that any "motion to alter or amend a judgment shall be filed no later than 28 days after entry of the judgment." Further, a motion under Fed. R. Civ. P. 59(e) "should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Herbst v. Cook,* 260 F.3d 1039, 1044 (9th Cir. 2001), *quoting McDowell v. Calderon,* 197 F.3d 1253, 1255 (9th Cir. 1999).

In the Screening Order of May 11, 2011, the court dismissed plaintiff's Fourteenth Amendment claims because the statute of limitations had expired (docket #10). First, plaintiff filed his motion for reconsideration on July 22, 2011–about seventy-five days after the court's Screening Order. Thus, he filed his motion well beyond the twenty-eight-day timeframe required by Rule 59(e). Moreover, plaintiff has failed to make an adequate showing under either Rule 60(b) or 59(e) that this court's order dismissing his Fourteenth Amendment claims should be reversed. Accordingly, plaintiff's motion for district judge to reconsider Screening Order (docket #19) is denied.

1    **Plaintiff is granted thirty (30) days from the date this Order is entered to file his**
2    **amended complaint, if he chooses to file one.**
3        **IT IS THEREFORE ORDERED** that plaintiff's motion for district judge to reconsider
4    Screening Order (docket #19) is **DENIED.**
5        **IT IS FURTHER ORDERED** that plaintiff has thirty (30) days from the date this Order
6    is entered to file his amended complaint in conformance with this court's Screening Order dated May
7    11, 2011, if he chooses to file an amended complaint.
8        **IT IS FURTHER ORDERED** that plaintiff is expressly cautioned that failure to file an
9    amended complaint in conformance with this court's Screening Order dated May 11, 2011 will result
10   in the dismissal of this action with prejudice.

12       Dated this 27th day of July, 2011.

    *Edward C. Reed* (signature)
    UNITED STATES DISTRICT JUDGE