UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JOSEPH L. MIZZONI,<br><br>        Plaintiff,<br><br>vs.<br><br>STATE OF NEVADA, *et al.*,<br><br>        Defendants. | 3:11-cv-00186-LRH-WGC<br><br>**ORDER** |

This is an action on a civil rights complaint pursuant to 42 U.S.C. § 1983, removed from state court.

The court first considers plaintiff's motion for appointment of counsel (ECF #45). Defendants opposed (ECF #49). A litigant in a civil rights action does not have a Sixth Amendment right to appointed counsel. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). In very limited circumstances, federal courts are empowered to request an attorney to represent an indigent civil litigant. The circumstances in which a court will make such a request, however, are exceedingly rare, and the court will make the request under only extraordinary circumstances. *United States v. 30.64 Acres of Land*, 795 F.2d 796, 799-800 (9th Cir. 1986); *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).

A finding of such exceptional circumstances requires that the court evaluate both the likelihood of success on the merits and the plaintiff's ability to articulate his claims in pro se in light of the complexity of the legal issues involved. Neither factor is dispositive, and both must be viewed together in making a finding. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991)(citing *Wilborn, supra*, 789

1  F.2d at 1331). The district court has considerable discretion in making these findings.

2      Here, plaintiff argues that due to recent cataract surgery he has difficulty reading and writing
3  (ECF #45). Defendants counter that with a physician's note plaintiff can obtain the necessary assistance
4  at the law library from inmate law clerks and the law librarian (ECF #49). Plaintiff did not file a reply
5  to defendants' opposition. The court will not enter an order directing the appointment of counsel at this
6  time. Subsequent to this motion, plaintiff participated in an Early Inmate Mediation Conference to
7  explore settlement of this case. The record does not reflect–nor has plaintiff filed any motion to this
8  effect–that plaintiff continues to have problems reading and writing to the extent that he is unable to
9  litigate this case, even with the assistance of the law library and inmate law clerks. Further, plaintiff has
10 thus far demonstrated his ability to articulate his claims in pro se, and the issues do not appear to be
11 complex. Plaintiff's motion for the appointment of counsel is denied without prejudice to plaintiff filing
12 a new motion for appointment of counsel if in fact he continues to suffer effects from his cataract surgery
13 that make it impossible for him to litigate this matter, even with law library assistance.

14     Next, the amended complaint was previously screened by the court (ECF #42). The matter shall
15 now proceed.

16     **IT IS ORDERED** as follows:

17     1.     The Clerk shall electronically **SERVE** a copy of this order, the court's screening order
18     (ECF #42) and a copy of plaintiff's complaint on the Office of the Attorney General of
19     the State of Nevada, attention Kat Howe.

20     2.     Subject to the findings of the Screening Order, within **twenty-one (21) days** of the date
21     of the entry of this order, the Attorney General's Office shall file a notice advising the
22     court and plaintiff of: (a) the names of the defendants for whom it <u>accepts</u> service; (b)
23     the names of the defendants for whom it <u>does not accept</u> service; and © the names of the
24     defendants for whom it is filing last-known-address information under seal. As to any
25     of the named defendants for whom the Attorney General's Office cannot accept service,
26     the Office shall file, under seal, the last known address(es) of those defendant(s) for
27     whom it has such information.

28     3.     If service cannot be accepted for any of the named defendant(s), plaintiff shall file a

motion identifying the unserved defendant(s), requesting issuance of a summons, and specifying a full name and address for the defendant(s). As to any of the defendants for whom the Attorney General has not provided last-known-address information, plaintiff shall provide the full name and address for the defendant(s).

4. If the Attorney General accepts service of process for any named defendant(s), such defendant(s) shall file and serve an answer or other response to the complaint within **sixty (60) days** from the date of this order.

5. Henceforth, plaintiff shall serve upon defendant(s) or, if an appearance has been entered by counsel, upon their attorney(s), a copy of every pleading, motion or other document submitted for consideration by the court. Plaintiff shall include with the original paper submitted for filing a certificate stating the date that a true and correct copy of the document was mailed to the defendants or counsel for the defendants. If counsel has entered a notice of appearance, the plaintiff shall direct service to the individual attorney named in the notice of appearance, at the address stated therein. The court may disregard any paper received by a district judge or magistrate judge which has not been filed with the Clerk, and any paper received by a district judge, magistrate judge, or the Clerk which fails to include a certificate showing proper service.

**IT IS SO ORDERED.**

DATED this 24th day of June, 2013.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE